IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GAXIOLA,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANCISCO JACQUES; DR. M. SAYRE; F.N.P. SUE RISENHOOVER; F.N.P. M. MCLEAN; J. WALKER; T. A. WOOD; G. D. LEWIS; DR. C. WILLIAMS; R.N. K. VAIL,<br><br>    Defendants<br>_____ / | Nos.   C 13-1989 WHA (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE** |

**INTRODUCTION**

Plaintiff, a pro se prisoner, filed this civil rights case under 42 U.S.C. 1983, complaining about medical care he received at Pelican Bay State Prison ("PBSP"). After a review of the complaint pursuant to 28 U.S.C. 1915A(a), it is ordered served upon defendants Dr. M. Sayre, Dr. C. Williams, F.N.P. Sue Risenhoover, and R.N. K. Vail, and it is dismissed as to the remaining defendants.

**ANALYSIS**

**A.**   **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

1  monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro
2  se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
3  (9th Cir. 1990).

4  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
5  claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
6  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
7  upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
8  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
9  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
10 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
11 do. . . .  Factual allegations must be enough to raise a right to relief above the speculative
12 level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
13 complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
14 at 1974.

15 To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements:
16 (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
17 that the alleged deprivation was committed by a person acting under the color of state law.
18 *West v. Atkins*, 487 U.S. 42, 48 (1988).

19 **B.   LEGAL CLAIMS**

20 Plaintiff alleges that he suffers from periodic seizures that have caused him to fall and
21 suffer head trauma on a number of occasions, and that he has not received adequate treatment
22 for this condition.  Deliberate indifference to a prisoner's serious medical needs violates the
23 Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*,
24 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent if he knows that a prisoner
25 faces a substantial risk of serious harm and disregards that risk by failing to take reasonable
26 steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff's allegations against
27 defendants Dr. M. Sayre, Dr. C. Williams, F.N.P. Sue Risenhoover, and R.N. K. Vail, doctors
28 and nurses charged with his care at PBSP, about shortcomings in their treatment of his

condition state a cognizable claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Plaintiff alleges that defendants Jacques, the prior Warden at PBSP, Lewis, the current Warden, and Wood, a facility captain, knew or should have known that plaintiff's medical needs were being ignored and failed to take corrective action. These allegations are conclusory, however, insofar as there is no allegation of how they could or should have gained this knowledge, nor can any such knowledge be inferred as they plaintiff does not allege that they are doctors or medical professionals. The only specific allegation is that in early 2009 he asked Wood and Jacques to exclude him from the Secured Housing Unit ("SHU") due to his medical condition, and they referred him to Dr. Sayre, PBSP's Chief Medical Officer. His request for being taken out of the SHU does not establish that they knew that he was receiving inadequate medical care, nor does their referring him to the prison's medical personnel constitute a failure to take reasonable steps to address his needs. Finally, these defendants are not liable simply because they are or were supervisors of the people who allegedly provided poor medical care because supervisors cannot be held liable under Section 1983 based on a theory of "respondeat superior," i.e. on the theory that they are responsible for the actions of their subordinates. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Consequently, even when liberally construed, plaintiff's allegations do not state a cognizable claim against defendants Jacques, Lewis or Wood.

Plaintiff also sues defendant M. McLean, a "Chief Executive Officer," but Plaintiff alleges no conduct by McLean, let alone conduct that could be viewed as deliberate indifference to plaintiff's medical condition. Plaintiff also names as a defendant J. Walker, the Chief of California Prison Health Care Services. The only allegation against Walker is that Walker denied his administrative appeal at the third level of review. Denying administrative appeals is not a constitutional violation because there is no constitutional right to an administrative appeal or grievance system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Consequently, he has not stated a cognizable claim against defendant Walker.

**CONCLUSION**

For the reasons set out above, it is hereby ordered as follows:

1. The claims against Francisco Jacques, G. Lewis, T. A. Wood, M. McLean and J. Walker are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (dkt. 1) with all attachments thereto, and a copy of this order upon defendants: **Dr. M. Sayre, Dr. C. Williams, F.N.P. Sue Risenhoover, and R.N. K. Vail** at **Pelican Bay State Prison**. A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. Defendants **shall** file an answer that complies with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

   a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

   c. Defendants **shall** file a reply brief no later than **14 days** after the date of

service of the opposition.

  d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

  e. Along with their motion, defendants shall file proof that they served plaintiff the applicable warning(s), as required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6, 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion without prejudice.

 4. All communications by the plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

 5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

 6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

 IT IS SO ORDERED.

Dated: July  24 , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.